# PENNINGTON v. FOURTH NATIONAL BANK OF CINCINNATI, OHIO.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 147.   Argued January 26, 1917.—Decided March 6, 1917.

The power of the States to seize tangible and intangible property and apply it to satisfy the obligations of absent owners is not obstructed by the Federal Constitution.

The power is the same whether the obligation sought to be enforced be admitted or contested, liquidated or unliquidated, inchoate or mature.

The only essentials to its exercise are the presence of the *res*, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard.

Where these essentials exist, a decree for alimony will be valid under the same circumstances and to the same extent as a judgment on a debt, i. e., valid as a charge upon the property seized. So *held*, where the property was the divorced husband's bank account.

Property not subject to attachment at la.r may be reached in equity; an injunction entered at the commencement of proceedings for divorce and alimony may operate as a seizure, in the nature of a garnishment, of defendant's account in bank.

92 Ohio St., 517, affirmed.

THE case is stated in the opinion.

*Mr. Guy W. Mallon* for plaintiff in error.

*Mr. W. S. Little*, with whom *Mr. C. B. Wilby* was on the brief, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Mrs. Pennington obtained in a state court of Ohio a decree of divorce which is admitted to be valid. In the same proceeding she sought alimony; and in order to ensure its payment joined as a defendant the Fourth National Bank of Cincinnati in which her husband had a deposit account. When the suit was filed the court entered a preliminary order enjoining the bank from paying out any part of the deposit. Under later orders of the court the bank made payments from it to the wife. Finally it was perpetually enjoined from making any payment to the husband and ordered to pay the balance to the wife, which it did. The husband then presented to the bank a check for the full amount of the deposit, asserting that the court's orders deprived him of his property without due process of law, in violation of the Fourteenth Amendment, and were void, since he was a non-resident of Ohio, had not been personally served with process within the State, had not voluntarily appeared in the suit, and had been served by publication only, all of which the bank knew. Payment of the check was refused. Thereupon Pennington brought, in another state court of Ohio, an independent action against the bank for the amount. Judgment being rendered for the bank, he took the case by writ of error to the Court of Appeals for Hamilton County, and from there to the Supreme Court of Ohio. Both these courts affirmed the judgment below. Then the case was

brought to this court for review, Pennington still claiming that his constitutional rights had been violated.

The Fourteenth Amendment did not, in guaranteeing due process of law, abridge the jurisdiction which a State possessed over property within its borders, regardless of the residence or presence of the owner. That jurisdiction extends alike to tangible and to intangible property. Indebtedness due from a resident to. a non-resident—of which bank deposits are an example—is property within the State. *Chicago, Rock Island & Pacific Ry. Co.* v. *Sturm*, 174 U. S. 710. It is, indeed, the species of property which courts of the several States have most frequently applied in satisfaction of the obligations of absent debtors. *Harris* v. *Balk*, 198 U. S. 215. Substituted service on a non-resident by publication furnishes no legal basis for a judgment *in personam*. *Pennoyer* v. *Neff*, 95 U. S. 714. But garnishment or foreign attachment is a proceeding *quasi in rem*. *Freeman* v. *Alderson*, 119 U. S. 185, 187. The thing belonging to the absent defendant is seized and applied to the satisfaction of his obligation. The Federal Constitution presents no obstacle to the full exercise of this power.

It is asserted that these settled principles of law cannot be applied to enforce the obligation of an absent husband to pay alimony, without violating the constitutional guaranty of due process of law. The main ground for the contention is this: In ordinary garnishment proceedings the obligation enforced is a debt existing at the commencement of the action, whereas the obligation to pay alimony arises only as a result of the suit. The distinction is, in this connection, without legal significance. The power of the State to proceed against the property of an absent defendant is the same whether the obligation sought to be enforced is an admitted indebtedness or a contested claim. It is the same whether the claim is liquidated or is unliquidated, like a claim for damages in contract or in tort.

It is likewise immaterial that the claim is at the commencement of the suit inchoate, to be perfected only by time or the action of the court. The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard. Where these essentials exist a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt— that is, it will be valid not *in personam*, but as a charge to be satisfied out of the property seized.[1]

The objection that this proceeding was void, because there was no seizure of the *res* at the commencement of the suit, is also unfounded. The injunction which issued against the bank was as effective a seizure as the customary garnishment or taking on trustee process. Such equitable process is frequently resorted to in order to reach and apply property which cannot be attached at law.[2]

*Affirmed.*

---

[1] Enforcement of allowance of alimony from property of absent defendant seized at the commencement of the suit by attachment or similar process. *Hanscom* v. *Hanscom*, 6 Colo. App. 97; *Thurston* v. *Thurston*, 58 Minn. 279; *Wood* v. *Price*, 79 N. J. Eq. 1, 9–10. See *Bailey* v. *Bailey*, 127 N. Car. 474; *Twing* v. *O'Meara*, 59 Iowa, 326, 331. Cf. *Bunnell* v. *Bunnell*, 25 Fed. Rep. 214, 218.

The wife's inchoate right to alimony makes her a creditor of the husband under the statutes against fraudulent conveyances. *Livermore* v. *Boutelle*, 11 Gray, 217, 220; *Thurston* v. *Thurston*, 58 Minn. 279; *Murray* v. *Murray*, 115 Cal. 266, 274; *Hinds* v. *Hinds*, 80 Ala. 225, 227.

[2] An injunction issued against a resident debtor of a non-resident defendant is a sufficient seizure of the defendant's property to give jurisdiction. *Bragg* v. *Gaynor*, 85 Wis. 468, 487. See *Murray* v. *Murray*, 115 Cal. 266, 276. See *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71, 77.