## HOLMES v. HOLMES et al.

### (District Court, E. D. Michigan, N. D. October 24, 1922.)

### No. 33.

1. **Divorce ⊗⇒275(2)—Deed in fraud of wife's right to alimony held void.**

   A deed by a husband without consideration, and intended to defraud his wife of her rights as wife and creditor in the property conveyed, was void and of no effect against her, in suit to subject such land to lien for alimony.

2. **Constitutional law ⊗⇒309(1)—Personal service in state not necessary to judgment in rem.**

   A state may, consistently with due process of law and without violating any provision of the federal Constitution, subject property located within its borders to claims existing against the owner of such property, whether or not the latter be a resident of such state, and whether or not he be served with personal process within the state in the legal proceedings instituted against him in a court of competent jurisdiction over the subject-matter thereof, to enforce such a claim, provided that at the commencement of such proceedings the property in question be brought under the control of such court and an opportunity to contest said claim be afforded by publication of notice, by personal service of process outside of the state, or by some other form of service, actual or constructive.

3. **Constitutional law ⊗⇒309(1)—Personal service not necessary to suit to have alimony decreed lien on land in state.**

   The rule dispensing with personal service within the state of process on defendant in proceedings in rem against his property within the state applies to a bill for divorce and alimony, seeking, pursuant to an applicable statute, a lien on the property of the husband for the satisfaction of decreed alimony.

4. **Divorce ⊗⇒201, 202—Alimony chargeable on land of nonresident husband; personal service not necessary to suit to have alimony decreed against land.**

   Comp. Laws 1915, Mich. §§ 11414, 11416, as to divorce and alimony, authorize the state court to grant alimony and charge the amount thereof as a lien on Michigan land, described in the decree and complaint and owned by a nonresident husband, and, as such a decree operates in rem, the absence of personal service in Michigan on the husband does not affect the decree's validity and binding effect on such property.

In Equity. Suit by Edith H. Holmes against Edward H. Holmes and another. Decree for plaintiff.

Carton, Roberts & Stewart, of Flint, Mich., for plaintiff.

John F. Baker, of Flint, Mich., for defendants:

TUTTLE, District Judge. This cause was commenced by a bill in equity, filed by a citizen of Michigan, residing in this district, against citizens of Minnesota, who reside in that state, and the value of the matter in controversy exceeds $3,000, exclusive of interest and costs. The bill was originally filed in the circuit court for the county of Genesee, one of the courts of record of the state of Michigan, and was thence properly removed by the defendants, on the ground of the requisite diversity of citizenship, to this court, where it has been heard and submitted on bill and answer and on the proofs taken in open court. The material facts, some of which are disputed, are, as I am satisfied from the evidence and find, as follows:

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] On December 11, 1917, plaintiff herein filed, in a former suit in said state court, a bill against the defendant Holmes, who is one of the defendants in the present suit, and who was then her husband, praying for an absolute divorce and for temporary and permanent alimony, alleging that the defendant owned certain land in said county, particularly described in the bill, and asking that any amount awarded to her as alimony be declared a lien upon said land, and that the latter be sold, if necessary, to satisfy such lien. On the day of the filing of said bill plaintiff also filed, pursuant to the Michigan statutes applicable, in the office of the register of deeds for said county, a notice of lis pendens, which referred to such bill, and set forth that the suit thereby commenced affected the real estate in question, describing it. On the following day a deed to such land, running from the said defendant Holmes to the defendant Perrin, and executed about a year previously, was recorded in the office of said register of deeds. This deed, as the evidence shows, and as I find to be the fact, was executed without consideration and for the deliberate and fraudulent purpose of defrauding and depriving the plaintiff of her rights, as the wife and creditor of the grantor, in such property, and it is therefore void and of no effect as against her in this suit. Pennington v. Fourth National Bank, 243 U. S. 269, 37 Sup. Ct. 282, 61 L. Ed. 713, L. R. A. 1917F, 1159, and cases there cited; Glick v. Glick, 110 Mich. 304, 68 N. W. 153. I find the value of said land to be $16,000.

Upon the commencement of the divorce suit mentioned an effort was made by plaintiff to obtain personal service of process on the defendant therein. It appearing, however, that the latter resided in Minnesota and could not be served in Michigan, constructive service of such process was made upon him by service outside of Michigan, in accordance with an order of the court authorizing such constructive service, pursuant to the Michigan statutes. Thereafter the bill for divorce and alimony was duly taken as confessed by the defendant, and upon proofs heard in open court a decree of absolute divorce was entered on October 15, 1921, as prayed by plaintiff. It was therein further decreed that the plaintiff—

"recover for permanent alimony in said case out of the real estate above described the sum of $6,000, and that this decree be and remain a lien on said above-described real estate until such lien is satisfied, this provision to be in lieu of the dower of the said Edith H. Holmes in the property of the said Edward H. Holmes, and in full satisfaction of all claims which she may have as the wife of the said Edward H. Holmes in any property now or hereafter owned by him, or in which he may have any interest."

The property so referred to was the land described in the bill for divorce, in the lis pendens, and in the bill in the present suit. All of the proceedings in the said divorce suit were regularly held pursuant to the applicable Michigan law.

Plaintiff not having received any part of the sum thus awarded to her, she filed her bill of complaint in the present suit in the same state court, alleging that the aforementioned deed from defendant Holmes to the defendant Perrin was without consideration, fraudulent and void as to her, averring that her only means of collecting the said sum was

by foreclosure sale of the real estate in question, and praying that said "pretended deed" be set aside as to her and any purchaser at such sale, and that said real estate be sold by the court to satisfy her said lien and the costs and expenses of such sale. Thereafter, as already stated, the suit was properly removed to this court, where defendants appeared and answered, and the cause has proceeded to trial upon the merits, and has been submitted on the pleadings and proofs, and arguments and briefs thereon, all of which have received careful consideration.

The principal contention of the defendants is that the decree of the state court, in so far as it awards alimony to the plaintiff, is a judgment in personam, not in rem, and, not being based on proper personal service of process upon the defendant therein, is void and unenforceable as against said defendant, and that therefore, to the extent that such decree attempts to fasten a lien upon the property involved for the amount of such alimony, it is in excess of the jurisdiction of the court and void.

[2] It is settled law that a state may, consistently with due process of law and without violating any provision of the federal constitution, subject property located within its borders to claims existing against the owner of such property, whether or not the latter be a resident of such state, and whether or not he be served with personal process within the state in the legal proceedings instituted against him in a court of competent jurisdiction over the subject-matter thereof, to enforce such a claim, provided that at the commencement of such proceedings the property in question be brought under the control of such court, and an opportunity to contest said claim be afforded to the defendant therein by publication of notice, by personal service of process outside of the state, or by some other form of service of process, actual or constructive; it being immaterial whether the proceedings be at law or in equity, so long as they be essentially in rem. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 33 L. Ed. 918; Pennington v. Fourth National Bank of Cincinnati, 243 U. S. 269, 37 Sup. Ct. 282, 61 L. Ed. 713, L. R. A. 1917F, 1159.

[3] In such cases the judgment or decree is not in personam, and binds and affects only the property so brought under the control of the court by seizure or sequestration, and the authority to make and enforce such a judgment or decree is derived from statutory provisions, the terms of which must be strictly observed. If the foregoing conditions and requirements be present and be followed, the rule mentioned is applicable to a bill for divorce and alimony, seeking, pursuant to an applicable statute, a lien on such property of the husband for the satisfaction of the decreed alimony. Pennington v. Fourth National Bank, supra, and cases therein cited.

[4] Has the state of Michigan exercised the power which it thus possesses? Section 11414 of the Michigan Compiled Laws of 1915 contains the following provision:

"Upon every divorce from the bond of matrimony, * * * if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be

committed to her care and custody, the court may further decree, to her such part of the personal estate of the husband and such alimony out of his estate, real and personal, to be paid to her in gross or otherwise as it shall deem just and reasonable."

Section 11416 of the same compilation provides as follows:

"In all cases where alimony * * * shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed the court may decree the sale of the property against which such lien is decreed in the same manner and upon like notice as in suits for the foreclosure of mortgage liens."

These statutes authorized the state court involved in the present case to grant the award of alimony in question, and to charge, as it did, the amount thereof as a lien upon the property described in the decree of such court. Creyts v. Creyts, 143 Mich. 375, 106 N. W. 1111, 114 Am. St. Rep. 656; Maslen v. Anderson, 163 Mich. 477, 128 N. W. 723; Ulman v. Ulman, 148 Mich. 353, 111 N. W. 1072. That decree operating in rem, the absence of personal service upon the defendant therein did not affect its validity and binding effect upon such property, and it now remains a lien thereon, as provided by the statute and the decree of the state court thereunder, already mentioned.

Defendants cite and place considerable stress upon the case of Bunnell v. Bunnell (C. C.) 25 Fed. 214, decided in 1885 by Judge Brown (later a member of the United States Supreme Court), then sitting as judge of this district. It does not, however, appear that in that case any specific property was described in the decree, which awarded alimony in a fixed sum, and directed merely that, upon failure to pay such alimony within a fixed period thereafter, a commission should issue to a sequestrator, with the usual powers of a receiver, "to sequestrate the real and personal estate of the defendant within the jurisdiction of the court, and to receive and collect the rents," issues, and profits of the real estate, "to be applied to the payment" of such alimony. It does not appear that the decree awarding alimony purported to create any lien or charge upon, nor that it referred to, any particular property. The Michigan statute hereinbefore last quoted, which expressly provides for such a lien and a foreclosure thereof, was not enacted until 1897, after this decision by Judge Brown, and such decision goes no further than to hold that there was "no attempt to sequestrate the property of the defendant until after decree," and that under the statute and decree there involved the suit was not a proceeding in rem, and that therefore the decree there in question, "in so far as it purports to award the complainant alimony, and to sequestrate the property of the defendant for the payment of the same, is void for want of jurisdiction."

Clearly, this decision must be considered and construed in the light of the facts and circumstances to which it was applied, and it is not controlling here, just as it was not followed, although referred to, by the United States Supreme Court in Pennington v. Fourth National Bank, supra. In view of the present statutes of Michigan, as construed by the decisions of the Supreme Court of such state, hereinbe-

fore cited, I am of the opinion that by the legal proceedings in the state court in question plaintiff acquired, and is entitled in this cause to enforce, the lien under consideration, in accordance with the state statutes, except as the procedure prescribed thereby may be inconsistent with the practice in this court.

It is suggested by defendant that the deed under which the defendant Holmes acquired title to the property in question conveyed to him only a life interest, with the power of nominating the person who should take the remainder. An examination, however, of the language of such deed, makes it entirely plain that the intention and effect thereof were to grant a title in fee simple. The broad powers of disposition conferred upon the grantee therein make such an intention unmistakable, and the deed must be construed and given effect accordingly.

It follows that the plaintiff is entitled to have the fraudulent deed in question set aside and the lien foreclosed, in accordance with the prayers for relief contained in the bill of complaint herein, and a decree may be prepared for presentation accordingly, which shall include appropriate provisions requiring payment by the defendant Holmes to the plaintiff of the aforesaid sum of $6,000 within a reasonable time after the entry of said decree, to be fixed therein, and directing that in default of such payment the real estate described in the decree of the state court be sold by the standing master in chancery of this court, in the same manner and upon like notice as are prescribed by the Michigan statutes, including sections 12677 to 12692, both inclusive, of the Michigan Compiled Laws of 1915, applicable to suits for the foreclosure of mortgage liens, except as any of such statutes may be inconsistent with any statute, rule, or practice by which this court is bound, to which extent the latter shall be followed.

Let a decree be prepared and presented in conformity with the terms of this opinion.