# Richmond

## M. S. WATSON v. EDWARD W. MOSE.

January 16, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and
Eggleston, JJ.

The opinion states the case.

*J. Winston Read,* for the appellant.

*Nelms & Colonna* and *Kelsey & Jett,* for the appellee.

GREGORY, J., delivered the opinion of the court.

Edward W. Mose brought his bill in equity to set aside and annul a deed made in 1923 by Frank S. Barrett, as special commissioner in a divorce proceeding instituted by Rosetta Green Mose against Edward W. Mose, for an accounting of rents and profits, and "such relief as he may be entitled to under section 6248 of the Code * * *."

Edward W. Mose and Rosetta Green Mose were husband and wife living in the city of Newport News, Virginia. In 1912 they jointly acquired title to certain lots in that city and shortly thereafter erected a residence on them which they occupied as a home until sometime during 1916 when Mose went to New York where he received employment. He returned to Newport News only once from the time he left until the institution of this suit. This trip, which was for a brief period of time, was made

in 1918 in connection with his registration for the draft during the war. However, the evidence shows that he consistently sent money to his wife during this absence until June, 1923. There was a mortgage on the home which was finally discharged and released upon his visit in 1918. His wife instituted proceedings against him for a divorce on the grounds of desertion and secured a final decree of absolute divorce on September 24, 1923. Process in this suit was by order of publication and Mose claims to have had no knowledge of this proceeding until he came to Newport News in February, 1933, which was only a short time prior to the institution of the instant suit.

All of the papers in the divorce proceeding have been lost. The order of publication merely shows that the object of the suit was to obtain a divorce on the ground of desertion. The decree recites that the defendant was not a resident of the State of Virginia, "and against whom the complainant has proceeded in the manner prescribed by law against absent defendants in proceedings for divorce, * * *." It is further recited that the defendant has wilfully deserted and abandoned the complainant for more than three years and has failed and refused to provide for her support during said period. After granting the divorce this decree proceeds as follows: "And it further appearing (to the court) that the real estate hereinafter mentioned was paid for largely by the money and labor of complainant, and that she has only a joint title in the property with her husband, Edward W. Mose, but that she has provided for its upkeep and has expended all of her earnings on the said property without the assistance of defendant, and that complainant is now in bad health and unable to work regularly, and having no other means of support, nor any other property in this State, or elsewhere, and the court further deeming it expedient so to do, pursuant to the statute in such cases made and provided, it is further adjudged, ordered and decreed that Frank S. Barrett, who is hereby appointed a special commissioner for such purpose, do execute a deed with cove-

nants of special warranty, unto the said Rosetta Green Mose, conveying to her all the right, title, claim and interest of the said Edward W. Mose in and to the following property: * * *."

In compliance with this decree a deed was made by the special commissioner conveying the interest of Mose in the real estate to Rosetta Green Mose.

On November 20, 1923, Rosetta Green Mose sold and conveyed the lots to M. S. Watson, the appellant, who made extensive improvements on the property and has lived continuously on the same since his purchase.

Rosetta Green Mose died during the year 1927. Mose testified that he first learned of her death in September, 1932, that he knew nothing of the transfer of his interest in the property until February, 1933, when he investigated the matter after his arrival at Newport News.

The defendant filed a demurrer to the complainant's bill on two grounds, both of which the court overruled and this action of the court is the subject of the first assignment of error.

The defendant (appellant) claims as a basis for his first ground of demurrer that the appellee had a full, complete and adequate remedy at law, and that equity has no jurisdiction; that the appellee should have proceeded by an action of ejectment on the law side of the court rather than by a suit in equity under section 6248 of the Code.

The record in this case shows very clearly, as a matter of law, that in no event could the appellant prevail whether he had been proceeded against in ejectment or under section 6248, because the appellee has been shown to have the clear legal and equitable title to the undivided one-half interest in the real estate here involved. A judgment in appellant's favor in an action of ejectment could not be sustained as a matter of law, therefore it would be a vain thing to relegate the parties to such an action under the circumstances. The appellee having the legal and equitable title to the said interest

the void deed from the special commissioner conveying the same to the appellant's grantor constitutes a cloud upon appellee's title which the court of equity, under section 6248, had the jurisdiction and power to remove in this suit by cancelling and setting aside the said deed.

The second ground of demurrer relied on by the appellant was that the appellee should have filed a petition under Code, section 6072, within two years from the date of the entry of the decree in the divorce cause, to have the case reheard and any injustice corrected, and having failed to do so, the decree is final and conclusive, and cannot now be attacked collaterally or otherwise.

██ For the reasons hereinafter stated and as already indicated, our conclusion is that so much of the divorce decree as directed a conveyance of the appellee's property to his wife Rosetta Green Mose was void, and therefore it could be attacked at any time and in any court in which it was brought into question. *Barnes* v. *American Fert. Co.,* 144 Va. 692, 130 S. E. 902; *Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252.

██ This brings us to a consideration of the second assignment of error. Did the court err in cancelling and annulling the deed from Barrett, special commissioner, which conveyed to Rosetta Green Mose the one-half interest of Edward Mose in this real estate? We think not. While in divorce proceedings the court is given the power under Code, section 5111, to fix the rights of each party in the property of the other, these rights are such as are created by the marital relation, and there is no warrant of law by which the specific property of the husband can be assigned or transferred to the wife as alimony without an agreement between the parties to that effect. *Gum* v. *Gum,* 122 Va. 32, 94 S. E. 177; *Almond* v. *Almond,* 4 Rand. (25 Va.) 662, 668, 15 Am. Dec. 781; *Lovegrove* v. *Lovegrove,* 128 Va. 449, 104 S. E. 804; *Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252, 256.

██ However, it is contended by the appellant that the decree of divorce indicates that Rosetta Green Mose must

have had certain equitable rights in this property which justified the court in awarding the property to her. The order of publication merely shows that the object of the suit was to obtain a divorce. It is true that such an order is sufficient for the purpose of the court in passing upon the complainant's right to a divorce and also such rights as may be incidental thereto; but if, as here contended, property rights which in no wise grew out of the marital relation were involved, then the order of publication was not sufficient to apprise the defendant of the object of the suit within the meaning of Code, section 6070. On the other hand, even if there were equities between the joint owners of the property, the interest of each would have had to be ascertained by a proper inquiry prior to the adjudication of the rights of the respective parties. After all Rosetta Green Mose in this respect was a joint tenant of the property and the court could deal with her rights in the property only as such.

We think the divorce decree plainly shows that the court awarded to the complainant the defendant's one-half interest in the real estate essentially as alimony, and this the law forbids. It cannot be questioned that the real estate of a non-resident defendant may be subjected to a decree for alimony in favor of the wife. In the case of *Bray* v. *Landergren, supra,* Mr. Justice Holt quotes with approval from the case of *Pennington* v. *Fourth National Bank,* 243 U. S. 269, 37 S. Ct. 282, 61 L. Ed. 713, L. R. A. 1917F, 1159: " 'The only essentials to the exercise of the State's power are presence of the *res* within its borders, its seizure at the commencement of proceedings, and the opportunity of the owner to be heard. Where these essentials exist a decree for alimony against an absent defendant will be valid under the same circumstances and to the same extent as if the judgment were on a debt—that is, it will be valid not *in personam,* but as a charge to be satisfied out of the property seized.'

"The Arlington County Court had authority to seize this

property and to hold it subject to such judgment as it might pronounce in favor of the wife. * * * but 'seizure at the commencement of the proceedings' was essential and there was none. There was nothing in the nature of sequestration."

With reference to procedural jurisdiction in the enforcement of judgments for alimony, we further quote from the case of *Bray* v. *Landergren, supra:* "One of the two methods of procedure is necessary. A court may pronounce a general judgment and may afterwards enforce such lien as attaches thereto by operation of law. It may also, where a general judgment is not proper, in some manner lay its hands upon property sought to be sequestrated, and then subject it to its decree. Here it was not possible to enter general judgment, and no property was seized before a decree for divorce was entered." The judgment was held to be void.

We think there was no laches on the part of the appellee. The evidence shows that his suit was brought promptly upon a discovery of the facts in this case.

The next error assigned pertains to the method used by the court in arriving at the amounts reached by it, as to rents and improvements and also the calculation made by the court as to the correct result. No point is made as to the findings of fact by the court, that is, the value of the property at the time it was purchased by appellant, its rental value, the cost of improvements, and the present value of the property.

We have examined the method used, the calculations and result reached by the court, and are of opinion that there is no error therein.

The decree should be affirmed.

*Affirmed.*