### BRUECK v WINTERS NATIONAL BANK & TRUST COMPANY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1690. Decided July 25, 1941

Jacobson & Durst, Dayton, for plaintiff-appellant.

Cowden, Cowden & Crew, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio.

In substance plaintiff's petition alleged that on July 13, 1938, she filed her petition against Fred Brueck and the defendant, The Winters National Bank & Trust Company in case No. 20281, D. R., in the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations, praying for divorce from her husband, Fred Brueck, and for permanent alimony, and further praying that a restraining order issue to said defendant, The Winters National Bank & Trust Co. restraining it from paying to said Brueck any of his moneys whatsoever that are on deposit with it, and for all further necessary equitable relief.

It is further alleged that on said date said court allowed said restraining order, which was on said day served on said defendant, The Winters National Bank & Trust Company, restraining it from paying to said Brueck any of his moneys whatsoever that are on deposit with it.

It is further alleged that on said date said Fred Brueck did have on deposit with the said The Winters National Bank & Trust Company the sum of $1200.00, and said defendant Bank, in violation of such restraining order, paid said money to said Fred Brueck.

The petition contains the further allegation that such proceedings were had in said cause that plaintiff, on the 15th day of April, 1939, was granted a divorce from said Fred Brueck and a further judgment against him for $400.00 for permanent alimony.

It is further alleged that said Fred Brueck is totally insolvent and said $400.00 judgment can not be collected from him; that by reason of the action of the defendant Bank this plaintiff has been damaged in the sum of $400 with interest from April 15, 1939, for which she prays judgment against the defendant Bank, together with the costs.

The defendant Bank filed answer in which it is admitted that plaintiff had filed her petition in the Common Pleas Court, Division of Domestic Relations, at the time stated and that therein she prayed for a divorce from her husband and permanent alimony, and further asked a restraining order against the defendant Bank, from paying to said Fred Brueck any of his money on deposit with said Bank, and for all necessary equitable relief.

Defendant further answering admitted that on the 13th day of July, 1938, it was served with a copy of an order by said court restraining this defendant from paying Fred Brueck any of his moneys that were on deposit with it.

Further answering defendant admits that such proceedings were had, that plaintiff was on the 15th day of April, 1939, granted a divorce from Fred Brueck and a judgment against him for $400.00 permanent alimony.

Further answering the defendant denies each and every allegation in plaintiff's petition contained.

The cause was submitted on an agreed statement of facts which, omitting the formal parts, reads as follows:

"The parties to this action hereby waive a jury and agree to submit this cause to this court upon the following agreed statement of case.

On July 13, 1938, at 9:34 a. m. plaintiff filed her petition against Fred Brueck and the defendant, The Winters National Bank & Trust Company in case No. 20281 D. R. in the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations praying for a divorce from said Fred Brueck and for permanent alimony, and further praying that a restraining order issue to said defendant, The Winters National Bank & Trust Company, restraining it from paying to said Brueck any of his monies whatsoever that are on deposit with it, and for all further necessary equitable relief. On said date, said court issued such a temporary restraining order which was on said day at 9:45 o'clock a. m. served upon said defendant, The Winters National Bank & Trust Company, restraining it from paying to said Fred Brueck any of his monies whatsoever that are on deposit with it.

Immediately upon the service of said restraining order an officer of the Bank checked on its records and found that said Fred Brueck had no monies on deposit with it or any account with it, but about one hour later said Fred Brueck opened a checking account with the defendant, The Winters National Bank & Trust Company, and then and there delivered and paid to said defendant the sum of $950.00 as an opening deposit upon said account and said defendant then received said money and issued to him a pass book evidencing such deposit. The clerk of the Bank opening such new account had no knowledge of the restraining order previously served upon the Bank.

Within about an hour after the opening of said new account by Brueck, and upon the officers of the Bank learning of the same, the defendant Bank notified said Fred Brueck of the fact that said restraining order had been served upon it as aforesaid, and that the clerk of said defendant who received his deposit and opened said checking account with defendant did not at the time know of the service of such restraining order. Later in the same day said Brueck came to the Bank and demanded the withdrawal of, and withdrew, the entire amount of his deposit.

Thereafter on April 15, 1939, said Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations in said case No. 20281 D. R. rendered a judgment in favor of plaintiff granting to her a divorce from said Brueck and a judgment to her against said Brueck in the amount of $400.00 by way of permanent alimony. This was the only decree or order entered in that case with respect to alimony.

Said judgment cannot be collected against said Fred Brueck who is insolvent

True copies of said temporary restraining order served upon the Bank and of said decree of April 15, 1939, entered by the Court in said divorce suit, are hereto attached, marked Exhibits A and B respectively, and made a part of this Statement of Case.

(Signed)    Jacobson & Durst
            Attorneys for Plaintiff.
        Cowden, Cowden & Crew
            Attorneys for Defendant."

Exhibits A and B are attached to the agreed statement of facts.

Exhibit A is a true copy of the temporary restraining order which was served on the defendant Bank. The formal headings are omitted, except that it is designated "TEMPORARY RESTRAINING ORDER". "TO THE DEFENDANT: THE WINTERS NATIONAL BANK & TRUST CO., Dayton, Ohio. You are hereby restrained from paying to the defendant, Fred Brueck, any of his monies whatsoever that are

on deposit with The Winters National Bank & Trust Company."

Exhibit B, attached to the agreed statement of facts, is an exact copy of the final decree granting the plaintiff, Irene P. Brueck, a divorce and judgment for permanent alimony. The first four paragraphs are similar in language and substance to what are generally found as the predicate for granting divorce, custody of minor child and allowance for support of such minor child. The fifth paragraph of the entry reads as follows:

"This case coming on to be heard upon the question of an award of permanent alimony to the plaintiff, it is ordered, adjudged and decreed that the sum of Four Hundred Dollars ($400.00) be and it hereby is awarded to the plaintiff, Irene P. Brueck as and for her permanent alimony herein; and judgment is hereby rendered in her favor against the defendant, Fred Brueck, in said amount."

The journal entry makes no reference whatever to the temporary restraining order or any ▆▆▆▆▆▆ funds allegedly existing in the bank to the credit of the defendant Brueck, nor is any order or judgment made against the Bank. In fact, The Winters National Bank & Trust Company is not mentioned in the aforesaid final judgment entry.

This, we think, is fatal to plaintiff's present action. The proper and, so far as we are able to find, universal procedure in actions for divorce and alimony or alimony alone, where a defendant allegedly having property of a defendant spouse is restrained from releasing or paying to such spouse, is to seek and obtain in the final judgment an order directing this added defendant to pay on the alimony judgment.

The restraining order, or temporary injunction, is merely ancillary to the principal action and is designed to preserve the fund or asset so that it will be available on the final judgment.

Sec. 11995 GC, (in the chapter on Divorce and Alimony) specifically provides that,

"A person or corporation having possession or control of, or claiming an interest in, property, real or personal, of the party, out of which another seeks alimony, may be made a party defendant."

Sec. 11996 GC, in substance, authorizes a court or judge in vacation, when it is made to appear that a party is about to dispose of or encumber his property or a part thereof so as to defeat an alimony judgment, such court or judge may allow an injunction to prevent this.

It necessarily follows under the provisions of the two sections above referred to that the Bank in the instant case could properly be made a party defendant. However, a restraining order or temporary injunction or even a final injunction in no sense can be an order to pay.

It is nothing more than a temporary ancillary order through which the property is held intact awaiting the final adjudication when, if it be determined that the plaintiff is entitled to alimony the court can then assure its payment by making an order and judgment directing the payment by the added defendant out of the fund so preserved through the injunction.

Without such an order the added defendant (in this case the Bank) would have no authority to pay the alimony judgment. If such added defendant should contemplate payment and seek legal advice, it is obvious that counsel would find no difficulty in saying that the "only order against you is to hold and in the absence of court order you have no authority to pay".

The next question that would arise is, how long should this added defendant hold under a temporary restraining order. Our answer is ▆▆▆▆▆ unless dissolved the fund should be held until the final determination of the action.

If at that time the court makes no final adjudication as to the disposition of the fund, the temporary restraining order expires.

This is necessarily true, since the restraining order is purely ancillary, and the principal action having ended, the ancillary order ends with it. It would be improper to say that the temporary ancillary order is continued after the principal action is ended.

The plaintiff-appellee in his first brief places entire reliance on the case of the Springfield Marine & Fire Insurance Company v Mildred A. Peck, 102 Ill. 265. This cited Illinois case is readily distinguishable from the instant case. In the cited case, as in the instant case, the plaintiff in her petition for divorce against her husband sought and obtained a temporary restraining order enjoining the bank from paying out money in its hands to the credit of the defendant husband. At the final hearing the court adjudged to the wife alimony, and ordered the bank to pay to the wife so much of the money on deposit as was necessary to satisfy the judgment.

The bank then took a notice of appeal in this same action and sought to have the reviewing court justify its paying off a certificate in the name of the husband and assigned to a third person. The court held against the bank on the ground that the assignee was not a bona fide holder in good faith, but was acting for the defendant in a successful effort to have the certificate paid. The court further stated that the injunctive order was broad enough in its language and terms to preclude the bank from making a determination that the third person apparently was a bona fide holder in due course, and further that the bank paid at its peril when it did not have a judicial determination as to the rights of this third person. The distinguishing feature of this Illinois case to which we call attention is that the court in the alimony or separate maintenance action made an order in the final adjudication directing the Bank to pay to the plaintiff wife. Had the

Court of Domestic Relations in granting judgment for alimony in the instant case also made an order on the defendant Bank to pay, then the two cases would have been identical, except on the factual question as to why payment was not made. As heretofore stated, this distinguishing element is fatal.

We are also referred to the case of Pennington v Fourth National Bank of Cincinnati, Ohio, 243 U. S. 269. This case was one for divorce and alimony and originated in an appropriate court in Hamilton County, Ohio.

When the suit was filed the court entered a preliminary order enjoining the defendant Bank from paying out any money on deposit to the credit of the plaintiff. The court from time to time made orders for payments of temporary alimony directed to the bank, which it paid. On final hearing the divorce was granted and judgment given to the wife for alimony. The Bank was ordered to pay the balance on deposit to the wife, which it did. The husband was a nonresident of the state, and had been served by publication.

Following the final order, the husband presented his check to the bank, payable to himself, for the entire amount of his original deposit, the bank refusing payment. Thereupon the husband brought suit against the bank setting out that in the divorce action he had been served by publication; that he was deprived of his property without due process of law and that thereby the bank was liable for the full amount of his deposit. The trial court and on review the Court of Appeals and the Supreme Court all held against the contention of the husband. In the Supreme Court of the United States the judgments of the Ohio courts were affirmed. We find no report of this case in any of the Ohio publications, except it appears in 92 **Oh St 517**, that the judgment of the Court of Appeals was affirmed without report.

This case is only important on the present question in the instant case in that it discloses that what we consider the proper and usual procedure

was followed in that the trial court in the divorce action, when making final adjudication, included an order against the defendant bank to pay to the plaintiff wife.

We find no Ohio cases directly passing upon this procedural question, but as practicing lawyers and judges of Common Pleas Courts we know that in our experience the procedure which we have indicated as proper has universally been followed. It may be that the dearth of authorities is due to the fact that the question has never before been raised.

Without further discussion on this feature of the case, we are constrained to the view that the judgment of the trial court should be sustained.

This being dispositive of plaintiff's appeal, we might be warranted in terminating this opinion without further comment, but due to the fact that many other reasons are argued by counsel for defendant-appellee in support of the judgment, coupled with the further fact that the trial court based his conclusion upon another theory, we consider it advisable to make brief reference to these other questions.

It was the view of the trial court that the defendant bank had not violated the restraining order, and therefore could not be held under the present action. Certain factual questions are essential to an understanding of this branch of the case.

At the time that the bank was served with summons and order restraining it from paying to the defendant, Fred Brueck, any of his moneys whatsoever that are on deposit with the bank, the said Fred Brueck had no money on deposit.

An hour or two later, on the same date. he made a deposit in the sum of $900.00 . The clerk receiving the deposit from Mr. Brueck at the time did not know of the restraining order issued against the bank and apparently by reason thereof the bank felt obligated to notify Mr. Brueck of the restraining order. On the day following Brueck withdrew the entire amount, and of course by and with the permission of the bank. Counsel for the bank-appellee argued and was sustained by the trial court, that the temporary restraining order, under its language, would not cover deposits made by Mr. Brueck after the service of such restraining order.

The substantive part of the restraining order heretofore quoted in full reads as follows: "You are hereby restrained from paying to the defendant, Fred Brueck, any of his moneys whatsoever that are on deposit with The Winters National Bank & Trust Company." It is argued that the grammatical construction of the above phrase means nothing more than that are on deposit at the time the restraining order was served, and under its language could not include a deposit subsequently made. The trial court correctly determined that the question of knowledge on the part of the clerk receiving the deposit would not be material, and based his conclusions entirely on the use of the word "are".

This question is not easy of determination. There is no question that a strict or grammatical construction would refer to the time of receiving the restraining order. As supporting authorities, by analogy, we are referred to several Ohio decisions in cases involving attachment or garnishment. It is urged that these cases have more than an analogous support for the reason that the Supreme Court of the United States in the above cited case of Pennington v Fourth National Bank, 243 U. S. 269, makes the statement in the last syllabus that,

"An injunction entered at the commencement of proceedings for divorce and alimony may operate as a seizure, in the nature of a garnishment, of defendant's account in bank."

It is urged that the Ohio courts have held in several cases that under garnishment or attachment proceedings only such property and credits as are in the hands of the garnishee at the time of the service of the writ are held. The following cases are cited:

Rice v Farnham, 6 O. N. P. Vol. 7, p. 189.

The Ohio Casualty Fire Alarm Co. v Heisley, Trustee, C. C. Rep. Vol. 7, p. 483.

Kouns v Reiniger, 3 C. C. N.S. 664.

Secor v Witter, 39 Oh St 218.

City of Newark v Funk & Brothers, 15 Oh St 462.

Pettit Brothers Hardware Co. v City of Akron et, 23 Oh Ap 233.

Ohio Jurisprudence, Vol 4. ¶85, p. 121.

An examination of the above authorities leads us to the conclusion that the courts, pronouncements that subsequent acquired property would not be covered under garnishment proceedings. are based entirely on the language of the statutes authorizing attachments and garnishments. The cases are of supporting value through analogy in establishing the rule that the writ will not operate on after-acquired property. We can conceive of instances where this might seem to be a harsh rule, just as in the instant case. Probably there is just as much reason to limit a writ of injunction to its express terms as can be found under the statutes relative to garnishment. While not free from doubt we are unable to say that the trial court was in error in giving the language of the writ a strict construction.

The judgment of the trial court will be affirmed and plaintiff-appellant's appeal dismissed with judgment for costs.

Entry may be prepared according to this opinion.

GEIGER, PJ. & HORNBECK, J., concur.