PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 1604. Argued November 26, 1945.—Decided December 10, 1945.

452

*C. Domínguez Rubio* and *Gabriel Guerra* for petitioner. *F. Prieto Azúar* for intervener, co-defendant in the main action.

Mr. Justice Snyder delivered the opinion of the court.

As a result of a collision between an automobile driven by Oscar B. Irizarry Cardel and another car owned by the Water Resources Authority, the latter filed suit against Irizarry for damages in the amount of $1,000. The Authority joined the Maryland Casualty Company as a defendant alleging that the accident was covered by an insurance policy issued by the company to Irizarry.

When personal service of process could not be obtained on Irizarry in Puerto Rico, the Authority, pursuant to an order of court, served him by publication. In addition, the Authority obtained personal service on Irizarry in Oklahoma, where he was residing at the time of said service. No property in Puerto Rico belonging to Irizarry was attached prior to the service by publication. On motion of Irizarry, who appeared specially for that purpose, the district court annulled its order for service by publication and held that it had not acquired jurisdiction over the person of Irizarry. We granted the petition of the Authority for certiorari.

*Pennoyer* v. *Neff*, 95 U. S. 714, held that in a suit *in personam* jurisdiction could not be acquired over a nondomiciliary defendant through service by publication; under those circumstances, the only remedy was attachment of property belonging to the defendant located in the State, which converted the case into a *quasi in rem* action. The *Pennoyer* case on its facts involved a non-resident defendant who was served by publication. But some courts, including this court, in view of the sweeping *dicta* contained therein,[1] used similarly broad language to the effect that in a suit *in personam*

---

[1] See 95 U. S. at pp. 722, 726; *McDonald* v. *Mabee*, 243 U. S. 90, 92; *Nilliken* v. *Meyer*, 311 U. S. 457, 463; XLI Col. L. Rev. 724, 725.

a defendant residing out of the jurisdiction, whether domiciled there or not, cannot be served by publication unless an attachment is first made of property of the defendant located within the State. *Huete* v. *Teillard*, 17 P.R.R. 46, 49–50;[2] *Cosme* v. *Santi*, 37 P.R.R. 710, 712; *Wenonah Military Academy* v. *Antonsanti*, 40 P.R.R. 251, 254; *Arrarás* v. *Arzuaga*, 53 P.R.R. 680, 686–7; *De la Montanya* v. *De la Montanya*, 44 Pac. 345 (Cal. 1896).[3]

In 1940 *Milliken* v. *Moyer*, 311 U. S. 457, clarified the situation by holding that a statute which provided for substituted service in a personal action on a *domiciliary* of Wyoming outside of that State was not violative of due process. The Authority seeks to apply that holding here by alleging that Irizarry was domiciled in Puerto Rico and that, under Rule 4(e) of the Rules of Civil Procedure and the *Milliken* case, Irizarry was properly served by publication despite the absence of a prior attachment. In considering this problem we shall assume, without deciding, that Irizarry had retained his domicile in Puerto Rico although he was residing in Oklahoma when served.[4]

---

[2] In the *Huete* case this court, through Mr. Justice Mac Leary, said at p. 49: ". . . under the doctrine announced in *Pennoyer* v. *Neff* and thoroughly established, there can be no service, beyond the Island, whereon to base a personal judgment. . ."

[3] Some states, foreshadowing the disavowal by the Supreme Court of its *dicta* in the *Pennoyer* case relating to domiciliaries, permitted substituted service on its domiciliaries. (See cases cited in footnote 6, 14 So. Calif. L. Rev. 488; footnote 26, Dodd, Jurisdiction in Personal Actions, 23 Ill. L. Rev. 427, 435; Burdock, Service As a Requirement of Due Process In Actions In Personam, 20 Mich. L. Rev. 422, 429–31.) In Puerto Rico there never has been a square holding, as distinguished from language, one way or the other; this court has never undertaken to determine if domicile here varies the rule. In the *Arrarás* and *Cosme* cases the facts apparently were that the defendants were domiciled in Spain; in the *Huete* and *Wenonah* cases the opinions simply recite that the defendants were out of the Island. But none of our cases discusses the distinction between domiciliaries and non-residents for purposes of substituted service, although their language, as we have seen, is broad enough to prohibit in personal actions substituted service on persons in both categories.

[4] On reconsideration, the district court found that Irizarry was domiciled in Oklahoma. But no hearing was held on that issue of fact, and the district court

If § 93, paragraph 6, and § 94 of the Code of Civil Procedure had remained unchanged, it might conceivably be argued that they were broad enough to authorize service without attachment on a person domiciled here but absent from Puerto Rico when service was attempted.[5] But in the face of the intimations in *Pennoyer* v. *Neff* that no substituted service, even on domiciliaries, was possible without prior attachment of property, this court, like other courts, had, prior to the *Milliken* case, already given §§ 93 and 94 an interpretation which was then thought by some to be required to make them constitutional; viz., that substituted service must be coupled with an attachment of property in all suits *in personam*.[6]

The *Milliken* case finally made it clear that as a matter of due process there is no requirement that personal service must be had within a State in a personal action against *domiciliaries* of the State. Sections 93 and 94 therefore need no longer be read narrowly, as applying only to cases where a prior attachment has been effected, in order to save them from attack on constitutional grounds. And, putting aside the outmoded constitutional objection, we would be forced to determine if the admittedly broad language of §§ 93 and 94 actually set up a statutory scheme of substituted service in personal actions against our domiciliaries without any requirement of previous attachment of property, if these Sections had remained unchanged. However, we never reach this question, as this court, in promulgating Rule 4(*d*) and (*e*) of the Rules

---

was therefore not authorized to come to that conclusion. However, it would be futile to send the case back for a finding on the issue of domicile if we conclude that the domicile of irizarry would not change the rule here.

[5] This contention is in fact quite plausibly made in a comment on the *Milliken* case in 14 So. Calif. L. Rev. 488 in regard to the California statute which, as to the point before us, still contains provisions substantially similar to §§ 93 and 94.

[6] It should be noted that this restrictive rule has not been applied to suits not strictly in personam—for example, an action for divorce which involves the determination of the status of the parties. See Annotation, 147 A.L.R. 673.

of Civil Procedure, although it adopted substantially the provisions of §§ 93 and 94,[7] added the following as the last paragraph of 4(e):

"In all cases where an attachment of property of the defendant is required by law in order that the court may acquire jurisdiction, publication shall not be ordered until said attachment is levied and proof of such fact its attached to the record, and the defendant shall be notified of the attachment levied in the same edict in which the summons is published, and by mail, where, in accordance with this rule, a copy of the summons and of the complaint must be sent to him."

In placing this paragraph, with its opening clause "In all cases where an attachment of property of the defendant is required by law in order that the court may acquire jurisdiction..." at the close of the Rule 4(e), we gave statutory effect to the language in our earlier cases that an attachment of property within Puerto Rico was in all cases a condition precedent to substituted service in a personal suit. It is clear under the *Milliken* case that such a result is not constitutionally necessary as to our domiciliaries. But having embodied our earlier case law and language in a Rule of Procedure which, replacing §§ 93 and 94, has the force of statutory law (Act No. 9, Laws of P. R., 1941, p. 330), the only method presently available to take advantage of the doctrine laid down in the *Milliken* case is to change our Rules. It may be wise to amend Rule 4(e) and provide a rule similar to the Wyoming statute. But to take such action, we would be required to follow the procedure provided therefor in Act No. 9. In the case before us we are bound by Rule 4(e) as it reads today: service by publication, even for our domicilia-

---

[7] Rule 4(d) provides that "Service shall be made... Upon an individual... by delivering a copy of the summons and of the complaint to him personally..." Rule 4(e) provides that "Where the person on whom service is to be made resides out of the Island; or has departed therefrom; or cannot, after due diligence, be found within the Island; or conceals himself to avoid the service of summons; or is without any known residence... the... court.., may make an order that the services be made by the publication of the summons."

456

ries, still requires a prior attachment of property in Puerto Rico in a suit *in personam.*

■ The Authority also argues that jurisdiction was obtained over the person of Irizarry by virtue of the personal service in Oklahoma, which demonstrates his actual knowledge of the suit. But actual knowledge of a suit does not confer jurisdiction over the person of a party thereto; service pursuant to the specific terms of a valid statute is required. *Matos* v. *District Court,* 59 P.R.R. 290, 293; *Piggly-Wiggly Georgia Co.* v. *Hay Investigationg Corp.,* 6 S. E. (2d) 379, 380 (Ga. 1939); *McCoy* v. *Bickman,* 15 A.(2d) 427 (Del. 1940).

■ In the same way, there was no waiver of process, or submission to jurisdiction, as the Authority contends, when Irizarry merely signed an acknowledgment of receipt of the personal service in Oklahoma. *Lawton* v. *Porto Rico Fruit Exchange,* 42 P.R.R. 282, 288, cited by the petitioner holds only that proof of service may be established under § 97, paragraph 4, Code of Civil Procedure, by the "written admission of the defendant." But there is no problem about proof of service here—Irizarry was undoubtedly served personally in Oklahoma. The difficulty is that we have no statute which provides that under the circumstances herein personal service in Oklahoma vested our courts with personal jurisdiction over Irizarry. And there is nothing in the acknowledgment of service in Oklahoma executed by Irizarry which could be reasonably interpreted as a waiver of the requirement of a valid service of process.

■ The Authority also contends that this is an action *quasi in* rem rather than a personal action. Its theory is that in view of § 175 of the Insurance Law,[8] the joinder of

---

[8] Section 175 (Act No. 66, Laws of P. R., 1921, as amended by Act No. 19, Laws of P. R., 1929) reads as follows: "Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance shall be illegal. When the person causing the damage is insured against the ac-

the insurance company, without more, works an attachment in legal effect of the interest of Irizarry in the policy. It would be profitless to pursue the ramifications of cases cited by the petitioner from other states arising under specific statutory provisions. Our statutes are clear: for an attachment to exist the formal steps required by law must be taken, The Act to Secure the Effectiveness of Judgments, Compilation of Revised Statutes and Codes of P. R., 1941, pp. 775-6;[9] and subsequently, service by publication must be had in which notice of the attachment is specifically given, Rule 4(e). As neither of these events occurred here, we are unable to agree with the petitioner that the mere joinder of the defendant under § 175 results in legal effect in attachment of the policy of Irizarry and converts the case into a *quasi in rem* action, thereby justifying service by publication on Irizarry.[10]

■ There is also a motion in the record by the Authority to bring Irizarry into the case by formal attachment of his interest in the insurance policy in the hands of the Maryland Casualty Company. The parties have argued at considerable length (1) whether the interest of Irizarry in the policy is attachable under our law; and (2) whether a subsequent order of service by publication to bring Irizarry into the case could be validly based on such an attachment. The district court never passed on the said motion; consequently, no such sub-

---

cident which caused the loss or damage, and in the case where te insurance policy was issued in favor of a third person, the action to claim such indemnity as may be proper may be presented jointly against the insured person and the insuring company. The court shall determine not only the liability of the company, but also the amount of the loss.''

[9] See also § 246, Code of Civil Procedure, 1933 ed., which we have held is also ''applicable to attachments to secure judgments.'' *Sierra* v. *Vieta,* 56 P.R.R. 214, 221.

[10] Cf. *Sabater* v. *The Union Central Life Insurance Co.,* 41 P. R. R. 240, 245. *Fennington* v. *Fourth National Bank of Cincinnati, Ohio,* 243 U. S. 269, cited by the Authority, is not in point. There an injunction obtained by the plaintiff preventing payment by the debtor of money due the creditor-defendant was held to be ''as effective a seizure as the customary garnishment. . .'' (p. 272). Assuming, without deciding, that under our attachment statutes we would so hold, here injunction or similar relief was neither requested nor granted.

sequent order of publication has been entered. The matter is therefore not yet before us. When we remand the case, the lower court will be required to examine and decide that question.

The writ of certiorari will be discharged.