MATHEWS, Justice.
Rule nisi in prohibition issued in this cause, based upon a petition and what purported to be a correct transcript of record. As shown by the purported transcript and petition, divorce proceedings were in Hills-borough County and the parcels of real estate involved in this proceeding were located in Polk County. The petitioner asserted, under oath, “that no process of any kind or nature whatsoever was served on petitioner.”
It now appears from the response of the respondents, the transcript and the amended transcript filed by the respondents, that the petitioner was served personally by the Sheriff of Hillsborough County, with a copy of rule to show cause why he should not be held in contempt of court because of his failure to abide by the terms of the final decree. Later the court made an order in which it found that the petitioner was personally served, and in response thereto there appeared on behalf of the petitioner two attorneys authorized to practice law in the State of Florida. At this hearing the rule to show cause was dismissed-.- On the same day the petitioner here, through his attorney, filed a motion to vacate a part of the final decree, and particularly that part relating to some real estate in Polk County, Florida and to set aside a lis pendens which had been filed. In due course the attorney for the petitioner filed notice of a hearing on the last above mentioned motion. The attorney for the petitioner signed' the motion and the notice' as “Attorney for Petitioner.” In due course the court made an order overruling the motion to vacate the portions of the final decree heretofore mentioned.
*768 Although the record shows that after the petitioner was personally served with notice of the rule to show cause, for failure to comply with the final decree, he had ample time to file notice of appeal to this court, he failed to do so.
It now appears that the Circuit Court in and for the Thirteenth Judicial Circuit of Florida did have jurisdiction not only of the persons but also1 of the subject matter in this cause. His remedy was by appeal, and not by prohibition.
The motion to quash the rule nisi in prohibition, heretofore issued in this cause, be and the same is hereby granted, and said rule nisi in prohibition be and the same is hereby quashed upon the authority of Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872, which quoted with approval from the opinion in the case of Pennington v. Fourth National Bank, 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, SEBRING, and DREW, JJ., concur.
HOBSON, J., agrees to conclusion.