**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**$79,000 IN UNITED STATES CURRENCY, Deposited into Account # 28097–6 Continental National Bank, El Paso, Texas, Defendant,**

**Gabriel Yanez, Jaime Buendia and Francisco Arviso,
Claimants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**$6,890,500.00 MEXICAN PESOS and $200.00 U.S. Dollars, Defendants,**

**Gabriel Yanez, Jaime Buendia, and Francisco Arviso,
Claimants-Appellants.**

No. 86–1391.

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1986.

Victor R. Arditti, El Paso, Tex., for claimants-appellants.

Helen M. Eversberg, U.S. Atty., Mark M. Greenberg, Asst. U.S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GEE, JOLLY and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

The parties in interest are the claimants against the res in this forfeiture action. They were left holding rubber checks from Gomez-the-moneychanger when the government froze his El Paso bank account after he failed to report importing over $10,000 across the Juarez-El Paso border. The district court entered judgment ordering forfeiture of the monies on March 31, 1986. On April 22, the monies were rendered unto Caesar—i.e., U.S. Customs. On May 30, the claimants filed their Notice of Appeal, ordering transcripts on July 3. On August 18, the government filed its Motion to Dismiss for want of subject matter jurisdiction.

The general rule is that the court's power derives entirely from its control over the defendant res. *Pennington v. Fourth National Bank,* 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713 (1917). Where no supersedeas is filed or steps taken to supersede judgment and the Marshal surrenders custody, neither the district court nor the appellate court retains in rem jurisdiction. *The Manuel Arnus,* 141 F.2d 585 (5th Cir.1944); *Point Landing, Inc. v. Alabama Dry Dock,* 261 F.2d 861 (5th Cir. 1958) (Brown, J.) (explaining early 5th Circuit decisions on this point). The Supreme Court, however, created an exception early on, allowing that courts do not lose jurisdiction if the res (vessel) is released accidentally, fraudulently, or improperly. *The Rio Grande,* 90 U.S. (23 Wall) 458, 23 L.Ed. 158 (1874) (the lower court had dismissed libellants' claims but granted leave to appeal; the court's subsequent surrender of the vessel to third parties was held "improper").

The claimants argue they have a right of appeal, which they perfected by timely notice under Rule 4, FRAP. They assert that the government acted in bad faith by transferring the monies to U.S. Customs, first notifying claimants of this action some five months after judgment and 90 days after receiving notice of appeal. These arguments are not persuasive. Although Rule 62(d), FRCP, *allows* the fil-

ing of supersedeas "at or after the time of filing the notice of appeal," it does not follow that release of the res pursuant to court order is automatically stayed before time for notice of appeal elapses. To the contrary, Rule 62(a), FRCP, provides for a 10–day automatic stay after entry of judgment.

The monies were released to Customs after the 10 days elapsed. There is no requirement that the claimants receive notice of release of the res after judgment. The government merely acted in its own favor by quickly initiating action to surrender the monies; its actions do not rise to the level of fraud or impropriety contemplated by the *Rio Grande* exception. See *United States v. One 1982 Oldsmobile*, NO. 86–1355 (5th Cir., July 24, 1986) (unpublished order).

IT IS ORDERED that the motion of appellee to dismiss the appeal is GRANTED.

IT IS FURTHER ORDERED that the motion of appellants to return monies to the jurisdiction of the Court is DENIED.