## GREENLEE v NEW YORK LIFE INS CO
## GREENLEE v GREENLEE

Ohio Appeals, 6th Dist, Erie Co
Decided Nov. 17, 1930

Young & Young, Norwalk, for Greenlee.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for Ins. Co.

The statement of facts will be found in the opinion below.

RICHARDS, J.

The action is one for alimony and to subject to the payment thereof certain life insurance policies issued by the defendant, New York Life Insurance Company, on the life of Harry R. Greenlee, in which policies the plaintiff is the beneficiary.

The action is in this court both on error and appeal. A motion has been made to dismiss the appeal and this motion must be granted for the reason that an action for alimony does not involve the exercise of chancery jurisdiction and the subjecting of the policies to the amount awarded as alimony is a mere incident to the claim for alimony. **Marleau vs. Marleau, 95 Oh St 162.** The right of appeal exists only in chancery cases and must be determined from the pleadings. **DeRan vs. Bank & Trust Co., 20 Oh App, 370; Hummer vs. Parsons, 111 Oh St 596.**

In the error case a finding of facts was made by the trial court and spread upon the journal as part of the journal entry, but no bill of exceptions was taken. From the finding of facts contained in the journal entry we learn that the common pleas court found and adjudged that the plaintiff was entitled to alimony in the amount of $3600.00 and was entitled to share in the value of the policies of insurance. The defendant, Harry R. Greenlee, was served by publication only and did not file any pleading nor enter his apeparance, and for this reason the court denied the demand of the plaintiff that the policies be transferred, assigned and set over to her, and that the decree of the court operate as such assignment.

The journal entry shows that the court found the policies had a value of $7199.11, and were issued within the State of Ohio. While the court found the policies had the value named, they evidently had no cash surrender value, for the life insurance company so averred in its answer and no reply was filed thereto. Evidently there would be no cash surrender value on the policies unless and until the assured, Harry R. Greenlee, should exercise an option to take the cash surrender value thereof. We have no doubt that in an action for alimony, even though the defendant is served by publication only, the court may award alimony to the extent of the value of real estate or personal property of the defendant within the jurisdiction of the court, described in the petition and reached by the process of the court. **Reed vs. Reed, 121 Oh St 188.** The right, however, to subject such property to the payment of alimony does not give the court the power to require a defendant served by publication only, to exercise an option to take the cash surrender value of the policies. That is a matter personal to him and resting within his voluntary action, and can only be required by a court when such defendant has been served with summons, or has entered his appearance in the action. The rule has been so announced in a garnishment case, and the principle would be the same in an action to recover alimony.

Isaac Van Dyke Co. vs. Moll, 241 Mich., 255; 57 A. L. R., 692.

Farmers & Merchants Bank vs. National Life Insurance Co., 161 Georgia, 793; 44 A. L. R., 1184.

As we construe the judgment rendered by the trial court, the amount awarded as alimony was made a charge upon the life insurance policies but the court refused, for want of power, to order that the policies be subjected to the payment of such amount, under the facts existing at the time of the rendition of the judgment. We find no error in the judgment.

Williams and Lloyd, JJ, concur.