**WHITELAW, Plaintiff-Appellee, v. WHITELAW, Defendant, PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22471. Decided September 29, 1952.

12

S. G. Webster, Cleveland, for plaintiff-appellee.
Arter, Hadden, Wykoff & Van Duzer, C. M. Horn, F. D. Kidder, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment entered by the Common Pleas Court granting to the plaintiff herein all of the defendant's (James D. Whitelaw) right, title and interest in and to certain insurance policies issued to him by and under a contract with the defendant, The Prudential Insurance Company of America. The action was one in divorce. The defendant, James D. Whitelaw, was not found within the jurisdiction of the court and constructive service was had upon him as provided by law. (Secs. 11984 and 11294 GC.)

At the time the plaintiff filed her action for divorce she had in her possession two separate policies or contracts of insurance between the defendant, James D. Whitlaw, and The Prudential Insurance Co. of America. On February 8, 1952, the plaintiff filed a supplemental petition stating that she had possession of said policies of insurance and that she had and was continuing to pay the premiums thereon and in addition to the prayer for divorce asked that the court award her all

of the right, title and interest in and to said contracts of insurance belonging to the defendant, James D. Whitelaw.

The Prudential Insurance Company of America was made a party defendant and served with summons. This new defendant filed an answer admitting the insurance contracts with James D. Whitelaw, naming the plaintiff as beneficiary. The defendant then filed a motion asking to be dismissed from the action for the reason that the court had no jurisdiction to make the order prayed for as to its contract of insurance with the defendant, James D. Whitelaw. The court overruled the motion, and in addition to granting plaintiff a divorce, entered the following judgment with regard to the insurance policies:

"The Court also finds that the plaintiff, at the time of filing the original petition, had in her possession and now has in her possession, two policies of insurance on the life of the defendant herein, said policies being with the Prudential Insurance Company of America and being described as follows: No. M-47060975 dated December 1, 1947, being a twenty payment life policy in the sum of $2000; policy No. 462803701 dated July 15, 1946, being a twenty payment life policy in the sum of $500.00. The Court finds also that the plaintiff paid the premium on the aforesaid policies in the past and is now paying the premiums on the within described policies. The court further finds that James D. Whitelaw was served only by publication and at no time during the proceedings herein did he enter his appearance. The aforementioned policies of insurance, namely, M-47060975 and 462803701 were introduced in evidence and received by the court. The court finds that it has jurisdiction to award to plaintiff all the right, title and interest owned and possessed by defendant, James D. Whitelaw, in and to said insurance policies. IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff be, and she is hereby awarded all the right, title and interest of the defendant, James D. Whitelaw, in and to the within described policies of insurance and she is hereby granted full and complete control and ownership thereof, together with all rights therein and thereunder, to all of which defendant, The Prudential Insurance Company of America excepts."

The defendant, The Prudential Insurance Company of America, in bringing this error proceeding, claims the following errors:

1. The Court of Common Pleas of Cuyahoga County, erred in overruling defendant-appellant's motion to dismiss made subsequent to the hearing of the divorce;

2. The Court of Common Pleas of Cuyahoga County, erred

in holding that it had jurisdiction to award alimony to plaintiff out of a contract between defendant, James Whitelaw and defendant-appellant, The Prudential Insurance Company of America.

3. The Court of Common Pleas of Cuyahoga County erred in holding there was property of the defendant, James Whitelaw before the court;

4. The Court of Common Pleas of Cuyahoga County erred in assuming jurisdiction over personal contractual rights between defendant, James Whitelaw and defendant-appellant, The Prudential Insurance Company of America.

5. The Court of Common Pleas of Cuyahoga County, erred in altering the contracts of life insurance.

6. The Court of Common Pleas of Cuyahoga County erred in entering a judgment awarding the contractual personal rights of defendant, James D. Whitelaw, to plaintiff.

7. The Court of Common Pleas of Cuyahoga County, erred in not awarding judgment to defendant-appellant, The Prudential Insurance Company of America.

8. Other errors apparent on the face of the record to the manifest prejudice of defendant-appellant."

It must be noted at the outset that the defendant, James D. Whitelaw, was not personally served with summons, nor did he enter his appearance. Only constructive service was obtained upon him. Such service is sufficient to deal with the marital status of the parties, but does not give the court jurisdiction to enter a personal judgment for alimony. The decree does not contain an order for the payment of alimony.

Only in the event that property, real or personal, is within the jurisdiction of the court, may the court subject it to the benefit of a plaintiff as alimony in a divorce action where the defendant has been summoned by constructive service. (Benner v. Benner, 63 Oh St 220; Reed v. Reed, 121 Oh St 188.)

A contract of insurance bestows upon the insured certain personal rights. Such rights are not lost to the insured by reason of the fact that the person named as beneficiary is in possession of the policies. The only value that can be ascribed to the policy, aside from its use in carrying out certain of the policy provisions, is that it is evidence of the terms of the contract; it is not a symbol of property.

One of the two insurance policies in this case, with respect to control by the insured, provides as follows:

"CONTROL: The insured alone shall be entitled during his or her lifetime, without the consent and to the exclusion of the Beneficiary, to obtain any cash surrender value and any other benefit and value accruing hereunder, to change the

Beneficiary and to exercise any other right or option conferred by this Policy or allowed by the Company."

The other policy has terms substantially similar upon this point.

The interest of the plaintiff as named beneficiary in the insurance policies of the defendant husband in a divorce action where the provisions of the policies reserve to the insured the right to change the beneficiary is only that of an expectancy during the life of the insured and no right becomes vested in the named beneficiary under such a policy until the death of the insured.

**Katz v. The Ohio National Bank, 127 Oh St 531** (191 N. E. 782).

**Oetting Gdn. v. Sparks, 109 Oh St 94** (143 N. E. 184).

**Atkinson v. Metropolitan Life Ins. Co., 114 Oh St 109** (150 N. E. 743). Paragraph II of the Oetting, Gdn. case, supra, provides:
. "The right of a beneficiary in a contract of insurance which reserves to the insured the right to change the beneficiary from time to time and which may be defeated by the insured by the designation of another beneficiary or by non-payment of dues does not become vested until the happening of the event which matures the policy."

The fact that the "Policy" in this case is in the possession of the beneficiary, does not enlarge her rights therein. Nor does the fact that because of the failure of the insured to pay the premiums, the present beneficiary in order to save a forfeiture of the insurance interest has made such payments, add anything to her legal rights under the terms of the policy.

In the case of **Minning v. Prudential Insurance Company, 88 Oh Ap 339,** a father purchased two policies of insurance. one for each of his minor sons. Each son was designated in the policy issued to him as the insured and the father, plaintiff in the action was named beneficiary. The policies provided that the insured could change the beneficiary and among other options (after a designated period of time) could demand the cash surrender value. The plaintiff father kept possession of policies and paid the premimus from July, 1939 (the date of the policies) until and including the payments due in July, 1946. Domestic difficulties having then developed, he notified his wife and the boys he would not pay the premiums due in July, 1947. A divorce action was filed and a decree entered which in addition to granting the wife and mother of the boys a divorce, it also ordered the husband to surrender the policies to the boys. They thereupon in January, 1947, demanded and received the cash surrender value of the policies. On March 27, 1947, both boys met death by drowning and suit was then filed by the father as named beneficiary, claiming the proceeds

of the policies. In reversing a judgment for the plaintiff on one of the policies, this court, sitting by designation in the First District, held:

"1. It is the settled law of this state that where a policy of life insurance reserves to the insured the privilege of changing the beneficiary, no vested right is acquired by a designated beneficiary prior to the death of the insured.

"2. The right under a life insurance policy to surrender policy and receive its cash surrender value is an option to the insured to accept a continuing offer on the part of the insurer and when exercised, fixes the rights of the parties without further action on the part of the insurer."

And, on page 344 the court said:

"* * * Plaintiff was without power to surrender the policy and obtain the cash value thereof. The contract of the company was with the son. The son alone possessed the right to surrender the policy for its cash surrender value. Plaintiff's possession of the policy and his payment, of the premiums to July, 1947, invested him with no rights in addition to his mere expectancy as a revocable beneficiary. He was divested of possession of the policy by the decree of divorce."

The provision contained in the policies that in the exercise of certain of the options therein provided for on the part of the insured it is necessary to surrender the policy as a condition precedent to the exercise of such option, is for the sole benefit of the insurer. Such provision may be waived by the insurer without liability to anyone except those who have acquired a vested interest in the policy with the knowledge and consent of the insurer.

The court, by the decree here under consideration, was attempting to make a new contract for the parties and the fact that a divorce court, having jurisdiction of the person of the insured, might compel him to assign to the plaintiff his interest in the policies as an incident of the divorce does not authorize such action in the case of a nonresident served only by publication. An end otherwise unattainable is not to be attained by construing a mere contract right as property within the language of §11990 GC.

In the case of **Greenlee v. New York Life Ins. Co., 9 Abs 331,** a decision of the Court of Appeals, Sixth District, it was held, in affirming the Common Pleas Court, that the right of the divorce court to subject value of real property or personal property of defendant within the jurisdiction of the court to payment of alimony awarded, though defendant was served only by publication, does not empower the court to require defendant to exercise an option to take cash surrender value of in-

surance policies. It may be noted that this case was taken to the Supreme Court of Ohio on error and was dismissed by that court (123 Oh St 599). It is true that the Supreme Court found that the Court of Appeals had lacked jurisdiction in the case, but the Court of Appeals had affirmed the trial court and nothing in the opinion of the Supreme Court indicates disapproval of the holding of the trial court or of the Court of Appeals on the merits.

See also: Byjelik v. John Hancock Mutual Life Ins. Co., 324 Mich. 54, 36 N. W. 2d. 212.

Estin v. Estin, 334 U. S. 541, 1 A. L. R. 2d. 1412.

See page 1219 under Headnote 2.

The plaintiff has, without doubt, the right to keep the policies in force by continuing payment of the premiums, so that she may benefit from any rights that may become due at a future date under the terms of the policy, or by a decree of a court having jurisdiction of the insured by proper service  But, such benefits must come from the contract as agreed upon between the insurer and the insured and not upon terms subsequently imposed by the court, where the insured is not before the court either by personal service or by his voluntary appearance.

For the foregoing reasons, that part of the decree substituting the plaintiff for the insured in the contracts of insurance between said insured and the defendant, The Prudential Life Insurance Company of America is reversed and final judgment entered for said defendant.

THOMPSON, J, concurs.
HURD, J, dissents. (See dissenting opinion.)

### DISSENTING OPINION

By HURD, J:

In my opinion the judgment of Common Pleas Court should be affirmed. In recording the reasons for this dissent I deem it necessary to state facts additional to those contained in the majority opinion.

The original petition was filed September 7, 1950, but the issues were made upon the supplemental petition of Anne S. Whitelaw, plaintiff, against her husband, James H. Whitelaw, filed February 10, 1951, wherein it was alleged in substance . that plaintiff and defendant were married in December, 1941; that the defendant had been guilty of gross neglect of duty in that ever since the 15th of November, 1948, he had failed and neglected to provide plaintiff with any money and had neglected to provide for her the common necessities of life.

In the supplemental petition the Prudential Insurance Company of America was made a new party defendant and plaintiff alleged that she had in her actual possession at the time of filing the original petition, "and does now have in her possession, two policies of insurance on the life of the defendant herein said policies being as follows: M-47060975 with the Prudential Insurance Company of America, dated December 1, 1947, for the sum of $2000.00, being a twenty-payment life policy: policy 46280371 with the Prudential Insurance Company of America dated July 15, 1946, in the sum of $500.00, being a twenty-payment life policy."

Plaintiff further alleged that "she had paid the premiums in the past, and is now paying the premiums" and prayed the court award to her full and complete control of said policies, together with absolute rights therein; that she be granted a divorce from defendant and such other relief as the court may deem equitable and proper.

Service upon the husband was had by publication at the last known address of residence in North Bergen, New Jersey. Proof of publication was duly filed, as well as an affidavit in compliance with the Federal Soldiers and Sailors Relief Act of 1941. The defendant, Prudential Insurance Company was properly served with summons and on March 16, 1951, filed its separate answer admitting the issuance of the policies described in the petition of plaintiff; for want of knowledge, denied that the policies were in possession of plaintiff, and then denied generally the allegations contained in the supplemental petition not expressly admitted to be true.

Upon trial, the defendant husband being in default of answer or appearance, the court granted the divorce and awarded to plaintiff the interest of defendant in and to the insurance policies in her possession.

On this appeal, the appellant insurance company assigns eight separate grounds of error, which, for the purposes of this discussion, will be considered under three headings, viz:

(1) Error in overruling appellant's motion to dismiss; (2) Did the trial court lack jurisdiction because of service by publication upon defendant husband? (3) Did the trial court, by its judgment, impair the obligation of contract?

As to the first ground of error, it appears that some twenty-five days after appellant had answered to the merits, it filed without leave of court and out of rule a motion to dismiss on the ground that the court was without jurisdiction. This motion was overruled. Inasmuch as appellant by its answer had joined issues on the merits prior to the filing of the motion out of rule, the trial court did not commit error prejudicial to the rights of appellant in this respect.

This brings us to a consideration of the second question, namely, was there a lack of jurisdiction because of constructive service? The answer to this question depends upon whether or not the insurance policies, under the facts of this case, constitute property within the purview of §§11990, 11991, 11984 and 11292, sub-sections 7 and 9, respectively, GC.

It is fundamental that defendant husband having been served by publication only, the court was without jurisdiction to enter a judgment in personam, but, by the great weight of authority in this and other jurisdictions, constructive service of process, in the case of a nonresident, will give the court jurisdiction to render a decree for alimony which is binding upon property belonging to the defendant, which is within the jurisdiction of the court and has been specifically proceeded against. The action then proceeds as one in rem or quasi in rem. Such was tne procedure here. See 15 Amer. Jur. Vol. 17, Divorce & Separation, Sec. 521 and numerous cases cited thereunder.

The defendant-appellant was made a party to this action under and by virtue of the provisions of §11995 GC, which provides as follows:

"Parties Defendant: A person or corporation having possession or control of or claiming an interest in property, real or personal, of the party out of which another seeks alimony, may be made a party defendant."

The defendant-appellant obviously qualifies under §11995 GC as a corporation claiming an interest in personal property out of which the wife seeks alimony. It filed an answer and thereby submitted to the jurisdiction of the trial court. On this appeal it is maintaining its claim of interest. Therefore, if the interest of the defendant husband constitutes res or property within the jurisdiction of the court under the applicable statutes, this must be considered an action in rem vesting authority in the court to award to plaintiff as alimony the interest of the defendant husband in and to the policies of insurance sequestered by the action and judgment of the trial court.

There are certain facts presented in the records which, in my opinion clearly show that the interest of the husband is res or personal property, vesting the court with jurisdiction in rem, some of which may be stated as follows:

The plaintiff wife is the sole beneficiary named in both policies. The policies have been and are now in her possession and within the jurisdiction of the court. All the rights and interests of the husband under the policies were abandoned by him by lapse of payment of premiums and by his departure

from the state, leaving the policies in the possession of his wife. The wife has acquired a substantial equitable interest, irrespective of any interest of the husband, by paying the premiums since the time of abandonment by the husband, a period of something over four years. The present value in the policies subsists only by virtue of payment of the premiums by the wife. As the contract now stands it was made for the benefit of the wife, she being the sole beneficiary.

Each policy requires surrender of the policy to collect the amount of insurance therein provided; to exercise the various options therein provided, such as to collect cash surrender value, paid up insurance, extended insurance, to secure a loan thereon from the company, or a change of beneficiary in which case the change must be endorsed on the policy.

It was conceded during argument in open court that the husband's whereabouts are now unknown and that he has not made any request or demand whatsoever for the policies or for any options provided therein.

The case of **Hoffman v. Hoffman, 28 Abs 370** (decided Feb. 2, 1939 by the Common Pleas Court of Summit County) is analogous in many respects to the instant case, involving insurance policies in a divorce case, where constructive service only was had on the husband. The court there held that the policies of insurance constituted "property" within the purview of §§11990, 11991, 11984 and 11292, sub-sections 7 and 9, respectively, GC, and that the word "property" as referred to in these sections was a broad term and included all forms of property known to the law, whether tangible or intangible and that "policies of insurance left with the wife, named as beneficiary by the husband who deserted her, and kept alive by her, constituted 'property' within the divorce statutes governing alimony payments." The court by its judgment awarded to the plaintiff as a part of the award for alimony all of the right, title and interest of the husband in said policies. The Prudential Insurance Company of America, appellant in this case, and The Metropolitan Life Insurance Company were parties defendant in that case. The judgment in that case was not appealed, from which we may reasonably infer that appellant here was then satisfied with the decision. But whether this is true or not, we do not have the benefit of a higher court ruling. Because the facts of that case are so closely analogous to the instant case and because the opinion by Hunsicker, J. (now a member of the Court of Appeals of the Ninth District) is so well reasoned, I deem it to be very persuasive in a consideration of the instant case.

It is well established in Ohio that in an action for divorce

and alimony, or for alimony alone, with constructive service only upon the defendant husband, the court may award to the plaintiff wife as alimony. property of the defendant either real or personal, tangible or intangible, brought within the jurisdiction of the court.

In the case of **Benner v. Benner, 63 Oh St 220**, which involved real property within the State, in an action for divorce, the Supreme Court in paragraph 2 of the syllabus stated:

"Such an action is substantially one in rem; and the court has jurisdiction at its commencement to grant a preliminary injunction preventing the disposition of the property by the defendant pending the suit and upon completion of the service by publication to decree the relief sought."

In the case of Transit Co. v. Beeman, 16 O. C. C (N. S.) 112, affirmed in memorandum opinion, **Transit Co. v. Beeman, 81 Oh St 509**, on the authority of **Benner v. Benner, 63 Oh St 220**, it was held that in an action for alimony with constructive service only upon the defendant husband but actual service upon a corporation in which the husband owned certificates of stock, said stock may be allowed the wife as alimony and an order made upon the corporation ordering it to transfer the certificate of stock to her.

A highly authoritative and important case bearing upon this subject is **Pennington v. Fourth National Bank of Cincinnati, 92 Oh St 517**, 243 U. S. 269 (1917). In that case, the wife upon constructive service obtained a decree of divorce in Ohio which, as in the instant case. was admittedly valid. As in the instant case also, she sought alimony and joined as defendant The Fourth National Bank of Cincinnati in which her husband had a deposit account. The bank was ordered to pay the balance in the bank account to the wife, which it did. The husband then made demand upon and sued the bank for the full amount of the deposit, on the ground that he had been deprived of his property without due process of law, particularly because he was a non-resident of the State and had been served by publication only. The Supreme Court of the United States denied his claim and in sustaining the Ohio courts, said in part at page 271:

"The Fourteenth Amendment did not, in guaranteeing due process of law, abridge the jurisdiction which a State possessed over property within its borders, regardless of the residence or presence of the owner. That jurisdiction extends alike to tangible and intangible property. Indebtedness due from a resident to a nonresident—of which bank deposits are an example—is property within the state. **Chi. Rock Isl. & Pac. Railroad Co. v. Sturm, 174 U. S. 710.** It is indeed the species of

property which courts of the several states have most frequently applied in satisfaction of the obligations of absent debtors. Harris v. Balk, 198 U. S. 215. Substituted service on a non-resident by publication furnished no legal basis for a judgment in personam. Pennoyer v. Neff, 95 U. S. 714. But garnishment or foreign attachment is a proceeding quasi in rem. Freeman v. Alderson, 119 U. S. 185, 187. The thing belonging to the absent defendant is seized and applied to the satisfaction of his obligation. The Federal Constitution presents no obstacle to the full exercise of this power."

In the case of **Reed v. Reed, 121 Oh St 188** (1929) the Supreme Court reversed a judgment of the Common Pleas Court of Cuyahoga County which had been affirmed by the Court of Appeals of this District, where the court had refused to grant plaintiff any alimony or to make any order for the disposition of the real estate described in plaintiff's petition upon the ground that the defendant had been served by publication only. In the course of the opinion the court cited with approval the cases of Benner v. Benner, supra, C. & B. Transit Co. v. Beeman, supra, and Pennington v. Fourth National Bank of Cincinnati, supra, and commented at length upon the Beeman and Pennington cases, both of which involved personal property, although the Benner and Reed cases involved real property. The court also cited many cases from other jurisdictions to the same general effect, observing that many statutory provisions considered in cases from other jurisdictions are strikingly similar to those in the State of Ohio and that the courts generally comment upon the fact that service by publication is specifically provided for in divorce cases as in Ohio, and hold that as the power to adjust property rights of the parties is an incident to the power to grant the divorce, courts necessarily have the jurisdiction to dispose of property within the state in actions in rem.

In the case of Zuhkle v. Prudential Ins. Co., 244 App. Div. 549, 279 N. Y. S. 333, it was held:

"2. Decree for alimony against absent defendant will be valid, not in personam, but as charge to be satisfied out of property seized where res is within court's jurisdiction, is seized at commencement of action and opportunity is given defendant to be heard.

"3. Insured's right to disability payments under life policy were in nature of credits, choses in action, and other intangible interests susceptible of seizure by attachmnt, as respects insured's right to recover from insurer payments which were ordered to be made to insured's divorced wife by court of foreign jurisdiction."

Counsel for each of the parties have cited and quoted from

**Minning v. Prudential Ins. Co., 88 Oh Ap 339,** decided in July, 1950. Opinion by McNamee, J., concurred in by Doyle, P. J. and Hurd, J., sitting by designation in the First Appellate District. That case has little or no application to the instant case. It is there held, inter alia, that where a policy of life insurance reserves to the insured the privilege of changing the beneficiary, no vested right is acquired by a designated beneficiary prior to the death of the insured. Of course this holding is the settled law of this State but has no application here because the wife in this case is not claiming any vested rights under the insurance contracts, but only such rights as are allowed by due process of law under a valid court decree. So far as that case may have application, it is clear that the plaintiff was divested of possession of the policy by a decree of divorce, and the assured, upon obtaining possession of the policy, was then in a position to exercise his option and to obtain its cash surrender value which he did. Consequently the plaintiff was not entitled to recover against the insurance company in a separate proceeding. It follows that the husband here would not be entitled to recover against appellant here in a separate proceeding.

I have adverted to the fact that the insurance policies in question have a cash surrender value. Such policies are considered and treated as personal property under the provisions of the Bankruptcy Act and, subject to state exemptions, pass to the trustee as assets of the bankrupt. Sec. 70a, clause 5, reads in part as follows:

"And provided further, That when any bankrupt, who is a natural person, shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

In this connection it had been held that even where the cash surrender value is payable to the insured himself, his estate or personal representative, if under the terms of the policy and the applicable state law, the insured has reserved the right to change the beneficiary without the beneficiary's consent, the cash surrender value is regarded as an asset to which the trustee is entitled. See Vol. 4, Collier on Bankruptcy, pages 1123-4 et seq., and numerous cases thereunder cited.

**Sec. 9394 GC,** providing for exemption of proceeds of insurance policies from claims of creditors, reads in part as follows:

"All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature, and which have been or shall be taken out for the benefit of, or made payable, by change of beneficiary, transfer or assignment to the wife or children, or any relative dependent upon such person, or any creditor, or to a trustee for the benefit of such wife, children, dependent relative or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free and clear from all claims of the creditors of such insured person or annuitants * * *."

This provision of the General Code is then another recognition by statute that Ohio considers and treats contracts of life or endowment insurance, the proceeds and avails thereof, as a species of personal property. Were it otherwise, exemptions therefor would not be provided.

The inevitable conclusion to be drawn from these Federal and State statutes is that contracts of insurance such as are involved in this case, are a species of personal property, subject to the jurisdiction of the court in an action in rem, which may be awarded to the wife under facts such as are presented in the instant case.

It is argued by the appellant that the contracts of insurance are merely evidence of rights existing between the parties and therefore cannot constitute a res or property within the 'jurisdiction of the court. We think the distinction in this connection is without legal significance.

In the case of Transit Co. v. Beeman, supra, the court regarded the certificates of stock as intangible property, but held that the principle announced in Benner v. Benner, supra, where real estate was involved must be applied.

In the case of Pennington v. Fourth National Bank etc., supra, the Supreme Court of the United States held that the principle applied whether the property was tangible or intangible, and whether the obligation sought to be enforced was admitted or contested, liquidated or unliquidated, inchoate or mature.

In relation to its classification as personal property, we see no real distinction in principle between certificates of stock in a corporation involved in C. & B. Transit Co. v. Beeman, supra, or a bank account involved in Pennington v. Fourth National Bank, supra, and an interest in policies of insurance under the facts of the instant case.

Therefore, in my opinion, whether the insurance policies

are considered as tangible property or as merely evidence of property rights, and therefore intangible property, the distinction is without a difference so far as the facts of this case are concerned. In either event, the property is brought within the jurisdiction of the court and to the notice of the defendant husband. by an adequate description thereof in the supplemental petition, and by making the insurance company a party defendant under the provisions of §11995 GC. Consequently, I conclude in answer to the second question, that the trial court did have jurisdiction to enter a judgment in rem.

We come now to a consideration of the third question.— Did the trial court by its judgment and decree impair the obligation of contract? The appellant contends that the decree of the trial court is unconstitutional in that it constitutes an impairment of the obligations of the contract of the insurance company in violation of Article I, Section 10 of the Constitution of the United States and **Article II, Section 28 of the Constitution of the State of Ohio.** In support of this contention, appellant cites the Dartmouth College case (Dartmouth College v. Woodward, 4 Wheaton's Reports 518—4 Condensed Reports of the Supreme Court 526; 187) and Byjelich v. John Hancock Mutual Life Ins. Co. 324 Mich. 54, 36 N. W 2d 212 (1949). It is also argued that §11990 GC (now §8003-17 GC) and §11995 GC (now §8003-20 GC) are clearly unconstitutional as they have been applied to the facts of this case.

The foregoing sections of the Code, the constitutionality of which is attacked, together with similar predecessor statutes have from the earliest days formed a part of the General Code governing Divorce and Alimony. The old and the new sections cited are presently designated as Chapter III. These sections of the Code have undergone the test of time and innumerable court decisions. Considered in relation to the question of sequestration of property within the State of a husband who has absented himself for a period of some four years where constructive service is had, we need only to point to the decision of the Supreme Court of Ohio and the Supreme Court of the United States, in the case of Pennington v. Fourth National Bank of Cincinnati, supra, and the Ohio Supreme Court cases of Benner v. Benner, Reed v. Reed, and C. & B. Transit Co. v. Beeman, supra.

The case of Dyjelich v. John Hancock Mutual Insurance Co. supra, relied upon by appellant, is not in point because the insurance company was not made a party to the original divorce action as in the case at bar. Neither did the wife pay any of the premiums due on the policy as in this case That case also considered the question of the retroactive effect of

a statute upon a contract previously entered into. We do not have here a question of the retroactive effect of statutes because at the time the policies of insurance in this case were issued, §§11990 and 11995 GC, giving to the court jurisdiction in a case such as this, were in full force and effect.

The Dartmouth College case has no application to the facts of this case. In the instant case the court is not by its judgment taking from the insurance company, or its officers, any powers or franchises vested by its charter, and is not transferring them to other persons without its assent as in the Dartmouth College case. The insurance company by the trial court's decision, is not deprived of any rights or privileges of any kind. Neither is the court here making a new contract for the parties as stated in the majority opinion.

True it is that the court is taking from the husband the rights, privileges and options granted to him by the policies of insurance but he is not complaining in this court nor did he appear or complain in the trial court. These rights and privileges inuring to him by reason of the contract are here taken by due process of law under the applicable sections of the General Code of Ohio, and the decree of the court vested by law with jurisdiction to act. The point which should be emphasized is that the insurance company's obligations remain precisely as stated in the contract and are in no wise impaired. It should also be noted that the wife now has an equitable interest in the contract of insurance by reason of keeping the policies in force by paying the premiums over an extended period of time in addition to her legal and beneficial interest as named beneficiary. The effect of the decree is merely to transfer the interest of the defendant husband in the policies to the wife as alimony and to bar the husband from thereafter claiming an interest therein, either as against the plaintiff or the appellant insurance company.

Furthermore, the appellant insurance company in this case will be adequately protected by the judgment and decree of the court, such judgment becoming res adjudicata and a complete bar to any subsequent action in this state or any other state under the full faith and credit clause of Article IV, Section I of the Constitution of the United States.

As stated in Hoffman v. Hoffman, supra,—

"This was the precise holding by the Supreme Court of the United States in the Pennington case"

as well as in the cases cited therein of Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625; H. Sanderson-Armour Fertilizer Works, 292 U. S. 282, 54 Supp. Ct. 692.

Holding these views, it is my conclusion that the judgment of the trial court should be affirmed.